[Civ. No. 10401. First Appellate District, Division Two.—March 18, 1937.]

ADJUSTMENT SERVICE, INC. (a Corporation), Appellant, v. ELSIE A. DUTTON, Respondent.

Edward T. Mancuso for Appellant.

Walter S. Brann for Respondent.

NOURSE, P. J.—Plaintiff sued on a written contract, and defendant had judgment. Plaintiff's assignor entered into an operating contract with defendant in which he agreed to manage two apartment houses. At the same time he leased both apartment houses from defendant. The contract provided that he should collect all rents and apply them as follows: (1) on operating expenses; (2) $250 a month as his salary; (3) $200 a month to defendant for fifty months to purchase the furniture and other personal property from defendant; (4) $1100 a month to defendant as rent. The income fell off, and the parties agreed orally that plaintiff's assignor should deduct less than $250 a month for his salary and that, when the income increased, he should deduct more so that he should reimburse himself for these deductions. Before the end of the fifty-month period plaintiff's assignor breached his leases, and they were both terminated in unlawful detainer proceedings. The total of the deductions made prior to forfeiture was $1250 to recover which this action was brought.

The trial court found that this sum was due, but that it was payable only out of rentals collected by plaintiff's assignor under the express terms of the contract. This finding is in accord with the admitted facts, and it is also admitted that, after the forfeiture of the leases, plaintiff's assignor collected no rents, that the cancellation of the leases was due solely to his fault, and that, by the express terms of the contract, the termination of the leases immediately terminated the contract.

The only principle of law involved is that performance of an obligation is excused when "prevented or delayed by the act of the creditor, or by operation of law". (Sec. 1511 of the Civil Code.) Since the lessee by his own act

suffered the termination of the lease and thereby prevented performance under the contract, he has no ground for recovery in this action.

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.